UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -v- | : | <u>ORDER</u> |
| RUBIN MOYE | : | 20 CR 215  (JPO) |
| Defendant. | : | |

----------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Counsel for RUBIN MOYE has requested approval under the Criminal Justice Act ("CJA"), 18 U.S.C § 3006A, and CJA Guideline §320.70.40 for the use of CJA funds to purchase a laptop for detained Defendant RUBIN MOYE.  Mr. Moye wishes to review discovery materials produced by the Government and therefore needs to have access to an electronic device under the terms ordered below.  Defense counsel represents that without this laptop Mr. Moye will be unable to review effectively the massive amount of discovery material that the Government will provide pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The application is granted as follows:

IT IS ORDERED that:

1. Defense counsel is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives that may be required to provide the Defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review.  Counsel shall provide the electronic device to Dave Damo of Data

---

[1] Counsel shall ensure that the model of the laptop computer is acceptable to the facility where their client is housed.

    Mill, Inc., to disable the wireless and printing capabilities of the Electronic Device and disable any other applications on the computer in a manner acceptable to the facility in which Mr. Moye is detained. Data Mill shall load on to the Electronic Device such software as the Defendant will need to review and make notes on the discovery. Data Mill shall set a password protected administrative account on the Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Mr. Damo will send the disabled Electronic Device to the Government to inspect to ensure that the Electronic Device is disabled of applications as required by the facility in which the defendant is detained. Each Electronic Device will be clearly marked with the name and ID number and Marshal's registration number of the Defendant who has been assigned to receive that particular Electronic Device.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the Defendant with access to the discovery. The Government will not load the discovery which is prohibited under the parties' protective order.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and videos play on the Electronic Device) prior to sending it to the facility where the defendant is detained.

5. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by the facility to receive the electronic device. The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendant can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. The Defendant may not use the Electronic Device for any purpose other than reviewing discovery materials produced in this case. Because of the volume of discovery, the Defendant should be afforded the ability to review the discovery for several hours each day to the extent consistent with the conduct of the facility in which the Defendant is detained.

7. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

8. The Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only the Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators, paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the Defendant in the district court, whether through dismissal of the charges against the Defendant or the sentencing of the Defendant, the Institution in which the Defendant is lodged shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: New York, New York
April 2, 2025

SO ORDERED

_____
J. PAUL OETKEN
United States District Judge